

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 15, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-642

Re: Article 7047a-19
as amended, Admission
Tax liability where
admission of patron
is by sales slip of
required amount.

Dear Mr. Calvert:

We quote from your opinion request as follows:

"A question has arisen based upon the following
circumstances:

"A grocery merchandising concern has purchased
the services of a circus for a period of six
days, advertising daily performances in towns
where stores of their ownership are located,
calling attention to the fact that admission
can only be had by producing sales slips total-
ing thirty-five dollars ($35.00) evidencing
the purchase of merchandise of that amount
from one or all of their stores. Each person
desiring admission is required to furnish the
evidence of having purchased $35.00 worth of
merchandise.

"Purchase of admission by any other means is
not possible.

"No admission is possible if evidence of pur-
chase of thirty-five dollars ($35.00) worth of
merchandise is not submitted.

"The questions are:

> (1) Does the admission tax apply to the
> means of admission?
>
> (2) If your opinion is <u>yes</u> then at what
> value is the admission to be fixed?

"Your opinion is requested."

The pertinent provisions of Article 7047a-19 are as follows:

"(1)  Every person, firm, association of persons, or corporation owning or operating any place of amusement which charges a price or fee for admission, including exhibitions in theaters, motion picture theaters, opera halls, and including horse racing, dog racing, motorcycle racing, automobile racing, and like contests and exhibitions, and including dance halls, night clubs, skating rinks, and any and all other places of amusements not prohibited by law, shall file with the State Comptroller a quarterly report on the twenty-fifth day of January, April, July and October for the quarter ending on the last day of the preceding month; said report shall show the gross amount received and the price or fee for admission; provided, however, that the report herein required shall be made upon the day following each amusement, exhibition, entertainment or contest, when such amusement, exhibition, entertainment or contest is not held continuously at a regular fixed place or establishment; and further provided, however, no tax shall be levied under this Section on any admission collected for dances, moving pictures, operas, plays and musical entertainments, all the proceeds of which inure exclusively to the benefit of state, religious, educational or charitable institutions, societies, or organizations, if no part of the net earnings thereof inures to the benefit of any private stockholder or individual or for any type of exhibition or amusement conducted by and for which all of the net proceeds inure to the benefit of a nonprofit corporation organized and chartered under the laws of the State of Texas, for the purpose of encouraging agriculture by the maintenance of public fairs and exhibitions of livestock; and provided further, that entertainments such as motion pictures, operas, plays and like amusements held at a fixed and regular established motion picture theater where the admission charge is less than one dollar and one cent ($1.01) per person, and where no tax is due hereunder, shall be relieved from the filing of a report and the payment of a tax levied under the provisions of this Section.  Said person, firm, association of persons, or corporation, at the time of making such report shall pay to the Treasurer of this State a tax in rates and amounts as hereinafter provided.

"(6)  There is hereby levied on the amounts paid for admission by season ticket, subscription, or lease for admission to any place of amusement, a tax equivalent to ten per centum (10%) of the amount paid therefor, provided a single admission to the place of amusement would be subject to taxation under the foregoing provisions.

"(7)  The taxes herein levied shall not apply to complimentary tickets and passes for which no admission charge is collected."

You have furnished us additional information to the effect that the grocery merchandising concern has purchased only a stipulated number of performances to be given in specified cities. The grocery concern has not gained control over the manner in which the performances are to be given, does not have the right to require additional performances, and cannot exercise control over individual performers. Under these facts, it is clear that the only thing which the grocery merchandising concern has purchased is the exclusive right of admission to a specified number of performances of the circus. The admission tax ". . . applies to the _payment of admission,_ not to the admission itself, and as soon as _payment_ for admission is made the tax attaches, whether or not the admission ever takes place, and no refund of the tax can be allowed by reason of non-use of the tickets unless the admission also is refunded." U.S. Code, Congressional and Administrative News, _Federal Tax Regulations_ (1956), § 101.4, p. 1461.

It is apparent that the admission tax accrues in the situation you describe. Section 6 of Article 7047a-19 quoted above, states that the amount of the admission tax upon any "lease" for admission to any place of amusement is ten per cent (10%) of the amount paid therefor where a single admission would be subject to taxation. A single admission to a circus would be taxable under Article 7047a-19, Section 1. The purchase of the exclusive right of admission by the grocery concern is, in effect, a "lease" of the admissions to a specified number of performances. Consequently, you are advised that the admission tax is to be calculated at the rate of ten per cent (10%) of the amount paid by the grocery merchandising concern to the owner of the circus.

## SUMMARY

Admission taxes are due where a grocery merchandising concern purchases the services of a circus for a specified period, advertising daily performances in towns where stores of their

ownership are located, calling attention to the fact that admission can only be had by producing sales slips totaling $35.00, evidencing purchase of merchandise of that amount from one or all of their stores. The amount of the tax is to be calculated at the rate of ten per cent (10%) of the amount paid by the grocery merchandising concern to the owner of the circus for the exclusive right of admission to the specified number of performances.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Jack N Price
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

L. P. Lollar
Robert T. Lewis
Wallace Finfrock
Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert